**JEAN JACQUES BERNARD PERRIN**, Petitioner

v.

**NADINE HARPIGNIES PERRIN**, Respondent

Civil D. R No. 39/69

Municipal Court of the Virgin Islands
Dist. of St. Thomas and St. John

August 29, 1969

HOFFMAN, *Municipal Judge*

MEMORANDUM OPINION, FINDINGS AND JUDGMENT

By reference, the Court incorporates herein the Opinion by the Honorable Albert B. Maris, U.S. Circuit Judge,

filed March 17, 1969 Case No. 17310, Nadine Harpignies Perrin v. Jean Jacques Bernard Perrin, 7 V.I. 21.

The Court has spent many, many hours listening to, observing and questioning the witnesses in this proceeding. Since the filing of. the petition herein dated June 5, 1969 the parties and their respective counsel have been afforded wide latitude in preparing and submitting to this Court as much information as possible concerning their own and their child's conduct, etc., so that the Court have a complete picture before it to make a just and equitable ruling in this case. The Court has been greatly concerned with the welfare of the child, Daniel Robert Odet Perrin, here involved and of its responsibility to decide which of the parents should be granted permanent care, custody and control of the person and estate of said minor child born in Lausanne, Switzerland on October 1, 1959. It is a difficult decision to make; particularly, where the minor child has, for a substantial period of time, been in the care and control of the Respondent—albeit for a substantial period surreptitiously—but ·perhaps in her view, properly so; but, nonetheless resulting in the separation and estrangement of father and son.

The Court is of the opinion that it would serve no good purpose to quote from the lengthy record in this case the specifics of the conduct of either or both of the parents to substantiate the general findings it will make hereinbelow. Suffice to say, that a reading of the pleadings, exhibits and transcript of testimony will amply substantiate the Court's findings and decision. To particularize, characterize or outline here the general conduct and philosophy of Respondent, or to repeat the testimony of the alleged boatside misconduct of Petitioner would serve no valid purpose except to possibly have harmful effect on the minor's future relationship with his. parents. The Court, however, feels duty bound to reject the philosophy of Respondent as

to sexual relationships and the propoundings of her counsel as to the law governing same insofar as it affects the minor here involved.

Accordingly and after careful consideration of the pleadings, testimony and exhibits the Court's findings are:

1. That the conditions, environment and exposures under which the minor has been living while in the care and control of his mother, the respondent, are unsatisfactory and if permitted to continue uncorrected will cause serious and permanent harm to the minor;

2. That the child's best welfare requires the following outlined regimen until he has gone through secondary school and is prepared to enter college:

(a) That he reside in Switzerland with his father, the petitioner (the child and father are both Swiss Nationals; the mother, presently, has permanent residence status in the United States) and reside in the family Lausanne, Switzerland home;

(b) That the petitioner's sister shall have no part in the care or upbringing of the minor;

(c) That the female child, Laurence Samson, born in Terre de Haut, the Saints, Guadeloupe on March 12, 1958 and presently under the custody of petitioner (Petitioner's Exhibit No. 1) shall not ... until such time as formal adoption has been approved by a Court of competent jurisdiction ... reside with or be permitted to associate with the minor, Daniel;

(d) That the minor, Daniel, when received in custody by his father, the petitioner, shall be taken to Switzerland by normal public means of transportation and not on the Yacht "Gypsy" or a similar vessel and not in the company of the female child, Laurence Samson;

(e) That at least three month visitations by the mother in Switzerland with her son during his school vacations is essential for the minor's welfare so that he can mature

successfully knowing and hopefully loving and respecting, both of his parents;

(f) That the necessary funds or equivalent to implement (e) above shall be provided by petitioner and shall be in sufficient amount to permit round-trip air transportation from the United States to Switzerland for the respondent and adequate housing facilities for respondent to accommodate suitably the child and the respondent.

NOTE: The Petitioner, during the hearing, indicated agreement with the substance of (f) above in the event custody to him with such conditions was decreed by the Court.

### CONCLUSIONS OF LAW AND JUDGMENT

1. That Jean Jacques Bernard Perrin, Petitioner herein is awarded permanent care, custody and control of the person and estate of Daniel Robert Odet Perrin during his minority conditioned and subject to his full compliance with Findings 2(a), (b), (c), (d), (e), (f) and the further Orders of this Court.

That John E. Stout, respondent's attorney, shall forthwith deliver to petitioner's attorney the Swiss passport of petitioner previously delivered to him pursuant to the Order of this Court dated June 10, 1969.